PEOPLE v. MONTENA.

(Supreme Court, Appellate Division, Third Department.   June 29, 1910.)

1. FISH (§ 13*)—GAME (§ 7*)—"TRANSPORTATION."
    Forest, Fish and Game Law (Laws 1908, c. 130) § 103, regulating the "transportation" of fish or game for which there is a close season, includes a shipment or delivery to a carrier.
    [Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 22–24; Dec. Dig. § 13;* Game, Cent. Dig. §§ 6, 7; Dec. Dig. § 7.*
    For other definitions, see Words and Phrases, vol. 8, pp. 7075, 7076.]

2. FISH (§ 14*)—PENALTIES—TRANSPORTATION.
    Under Forest, Fish and Game Law (Laws 1908, c. 130) § 240, subd. 7, making one who aids in violating the law liable for specified penalties, one who sent his son to an express office with a package of fish for transportation is liable for the penalty prescribed for violating section 103, regulating the transportation of fish or game for which a close season is provided.
    [Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 25, 26; Dec. Dig. § 14.*]

Appeal from Trial Term, Washington County.
Action by the People of the State of New York against George Montena.   From a judgment for defendant, plaintiff appeals.  Reversed, and new trial granted.
Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Joseph B. McCormick, for appellant.
O. A. Dennis, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEWELL, J. The action was brought to recover a penalty for transporting fish and causing them to be transported in violation of section 103 of the forest, fish, and game law (section 103, c. 130, Laws 1908). This section prohibits the transportation of any birds or fish, for which a close season is provided, in any package unless the kind and number of the birds or fish shall be plainly marked on the outside of the package, together with the names of the consignor and consignee, the initial point of billing, and the destination. It also provides that the reception by any person or common carrier of any such birds or fish for shipment in an unmarked package shall constitute a violation of this section by such persons or common carrier. By subdivision 7 of section 240 of this statute a person who counsels, aids, or assists in the violation of any of the provisions of this statute is deemed to have incurred the penalties provided in the act against the person guilty of such violation. It appeared upon the trial that on the 31st day of December, 1908, the defendant sent his son to the National Express office with a package containing fish, for which a closed season is provided, to be transported to Whitehall, N. Y.; that the consignor's name was not on the package, and there was no mark on the outside to show what it contained. The express company received the package and transported it to Whitehall, where it was seized by the forest, fish, and game protector. The court found these facts, but held that the defendant did not transport the fish within the intent and meaning of the statute.

I think that the term "transport," as used in the statute, includes a shipment or delivery to a common carrier. If, however, we assume that the word "transport" does not imply shipment or forwarding, the evidence in this case quite satisfactorily establishes the fact that the defendant concurred in the commission of the offense. He did an act essential to the accomplishment of it, and hence he aided and assisted in the violation of the statute and incurred the penalty provided.

The judgment should, therefore, be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.